**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL, LOCAL 823, Respondent.**

**No. 5092.**

United States Court of Appeals
Tenth Circuit.

Nov. 12, 1955.

**440**

Franklin C. Milliken, Washington, D. C. (Theophil C. Kammholz, Gen. Counsel, Chicago, Ill., David P. Findling, Associate General Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Elizabeth W. Weston, Washington, D. C., were with him on the brief), for petitioner.

Daniel J. Leary, Joplin, Mo., for respondent.

Before PHILLIPS, Chief Judge, HUXMAN, Circuit Judge, and SAVAGE, District Judge.

HUXMAN, Circuit Judge.

---

This is a petition by the National Labor Relations Board[1] under Section 10 (e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e), for enforcement of an order issued by it in its usual proceedings under the Act. From the evidence before it in the hearing, the Board found both the employer, Roadway Express, Inc.,[2] and Teamster's Union, Local No. 823,[3] guilty of unfair labor practices under Section 8 of the Act, 29 U. S.C.A. § 158. The employer has undertaken to comply with the order and hence no relief is sought against it. The Union alone resists enforcement of the order.

Both the employer and the Union were found guilty of unfair labor practices. The unfair labor practices with which they were charged arose primarily out of the discharge of two employees, Walter C. Buxton and Jess E. Cawthorn. The Board found that these two employees were discriminatorily discharged in violation of Section 8(a) (3) and in violation of Section 8(b) (1) (2) of the Act.

Since the employer does not resist enforcement of the order reference to it need not be made. So far as the Union is concerned, the Board ordered it to cease and desist from such unfair labor practices. Affirmatively it ordered the employer and the Union jointly and severally to make the two discharged employees whole because of their discharge. It further required the Union to post notices, mail copies to the Regional Director showing compliance, and to notify the employer in writing that it had no objection to the reinstatement and that it formally requested the reinstatement of the two employees. Other portions of the order are not involved and need not be set out.

■ The first contention by the Union is that there is no evidence to support the Board's finding of unfair labor practices in causing the unlawful discharge of the two employees in question. Reciting in detail the evidence which

---

1. Herein referred to as the Board.

2. Herein referred to as the Employer.

3. Herein referred to as the Union.

causes us to conclude that the Board's findings in this respect are amply supported by competent evidence would add nothing of value to the opinion. Neither would it add anything of value to the body of the law as a guide in succeeding cases, because each case is controlled by its own peculiar facts. There are no facts in this case the recital of which would aid in the decision of future controversies. In the interest of brevity and in order not to unnecessarily encumber legal publications, we content ourselves by stating that a perusal of the record supports the findings of unfair labor practices on the part of both the employer and the Union.

It is further contended that the order requiring the Union to notify the company in writing that it not only had no objections but formally requested the reinstatement of the two employees is not warranted by the undisputed record. The requested letter was written and sent June 5, 1954, by the Union, with an express reservation of the right to argue the validity or propriety of that portion of the order.

The Union contends that this part of the order was not justified because on August 19, 1953, its attorney orally notified a representative of the General Counsel of the Board that it had no objection to the reinstatement of the two employees, or in any event because on October 19, 1953, it filed a written statement to that effect in answer to the Board's complaint. It is argued that the requirement of a formal writing to the employer requesting reinstatement of the employees, when the local Union at least on these two occasions has made its position clear, was punitive and not remedial and hence beyond the power of the Board.

Section 10(c) of the Act places in the Board powers to force the offending party to take such affirmative action as will effectuate the policies of this Act. Of course, the Board has no right under this Section to promulgate orders which are essentially punitive in nature.[4] It has often been held that the Board may require the posting of notices advising employees of the offender's readiness to comply with the order.[5] A requirement that an employer mail to each of its employees a notice that it would not engage in the conduct from which it was ordered to cease and desist has been upheld.[6] The mere fact that the Union's attorney orally notified representatives of the General Counsel of the Board that it had no objection to the reinstatement of the employees, or that in its answer to the Board's complaint it reiterated this statement, does not mean that the Board's order is arbitrary. That is not such a statement to the employer as to give it positive assurance that further Union trouble will not be forthcoming if the employees are taken back on the payroll. In its answer in which it stated that it had no objection to their reemployment, it denied the charge of unfair labor practices. Obviously, had it been successful in establishing this defense, the employer might have been warranted in concluding that the statement in the answer that it did not object to the reemployment of these men no longer stood. We feel that under all the facts of this case there was a basis for the Board's requirement that the Union notify the employer in writing that it had no objection to the reemployment of these two employees and that it requested their reemployment.

The Board's order will be enforced.

4. Republic Steel Corp. v. National Labor Relations Board, 311 U.S. 7, 61 S.Ct. 77, 85 L.Ed. 6.

5. E. g., National Labor Relations Board v. Express Publishing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930.

6. National Labor Relations Board v. American Laundry Machinery Co., 2 Cir., 152 F.2d 400.